IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

COMMIE ROBERT BRITTON,

        Petitioner,

vs.                                                                                 No. CIV 98-492 JP/LFG

JOE WILLIAMS, Warden,

        Respondent.

## **MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]**

### **Findings**

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, currently confined in the Central New Mexico Minimum Restriction Unit located at Los Lunas, New Mexico, challenges the Judgment, Sentence and Commitment to the Corrections Department entered November 5, 1997 by the Eleventh Judicial District Court in *State v. Britton*, No. Cr. 97-00716-1 (County of San Juan, New Mexico). (Answer, filed June 22, 1998 Ex. A). Britton pled guilty to driving under the influence of intoxicating liquor, a fourth-degree felony, contrary to NMSA 1978, § 66-8-102(g). He was sentenced to a term of incarceration of 18 months, to be followed by a one-year term of parole. *Id.*(Ex. A-C). Britton sought reconsideration of his plea, but his request was denied. (Answer, Ex. D-E). He subsequently filed a state habeas. (Answer Ex. F).

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

His petition was denied as was his request to the New Mexico Supreme Court for certiorari. (Answer, Ex. F-G).

2. Britton alleges that he was improperly sentenced. He argues that the New Mexico Department of Corrections erred by adding a parole period and by not crediting him with good- time credits for the first six months of his sentence. Britton argues that the legislature did not intend to punish a fourth DWI offense as a felony. Britton argues he was adjudicated a misdemeanor for which there is no term of parole.

3. As a threshold matter, the Court must determine whether Britton meets the exhaustion requirements of 28 U.S.C. § 2254. Respondent concedes, and this Court finds, that Britton has exhausted his available state remedies and his petition is properly before the Court.

4. Because Britton filed his habeas petition on April 27, 1998, the Court reviews his petition under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat 1214 (1996)(effective April 24, 1996).

5. The Court is mindful of the changes AEDPA made to the standard or review a federal habeas court must use when assessing a state court's adjudication. AEDPA provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

28 U.S.C. § 2254(d)(1) and (2). AEDPA, unfortunately, provides no further illumination about the intended meaning of the terms, and, as a result, there is a split among circuits construing this section.

There is a consensus that the standard of review is much stricter under AEDPA and that greater deference is given state court determinations. The question becomes how much deference must a federal court accord a state court decision. Some circuits have held that AEDPA imposes a standard of complete deference. *See Neelley v. Nagle*, 138 F.3d 917 (11th Cir. 1998), *pet. cert.* filed August 17, 1998 (No. 98-6528); *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, 117 S. Ct. 1114 (1997); *Green v. French*, 143 F.3d 865, 870 (4th Cir. 1998). Other courts have held that the level of deference cannot be so deferential as to interfere with the federal court's power to decide cases. *See O'Brien v. Dubois*, 145 F.3d 16 (1st Cir. 1998). Our circuit employed the standard set forth in *Drinkard* in *White v. Scott*, 141 F.3d 1187 (table), 1998 WL 165162 (10th Cir. April 9, 1998)(No. 97-628). Although this is an unpublished decision, the Court finds it appropriate to employ the same standard:

> [A]n application of law to facts is unreasonable only when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect. In other words, we can grant habeas relief only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.

*Id.* 97 F.3d at 769.

Finally, state factual findings, including credibility determinations, are given the presumption of correctness absent a showing by clear and convincing evidence that the presumption does not apply. 28 U.S.C. § 2254(e)(1); *Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997).

6. Respondent moves to dismiss the instant action on the ground that Britton raises state law violations not cognizable under 28 U.S.C. § 2254. Britton filed his response on August 18, 1998.

7. The Court finds that Respondent's arguments are well-taken. The plea agreement, plea proceedings and judgement and sentence make clear that Britton pled guilty to his fourth DWI and that this is a fourth-degree felony. Britton had three prior DWI convictions and he was represented by counsel in each instance. A fourth DWI is not classified as a misdemeanor under New Mexico law. It is clear, "that the Legislature, by promulgating the 1994 amendments to Section 66-8-102, `sought to increase the punishment for subsequent offenders by conferring fourth-degree felony status on fourth or subsequent DWI convictions rather than changing the nature of the offense of DWI.'" *State v. Martinez*, ___P.2d___, 1998-NMSC-023, 1998 WL 531683 (NM July 15, 1998)(quoting *State v. Anaya*, 1997-NMSC-010, ¶14, 123 N.M. 14, 933 P.2d 223 (1996). The legislature also mandated that those sentenced to a felony serve a mandatory term of parole.

In conclusion, Britton was sentenced in accord with New Mexico law and he is not entitled to federal habeas relief.

8. Likewise, Britton's claim for good-time credits is without merit. There is no independent constitutional liberty interest in a state's good-time credit scheme. *Hewitt v. Helm*, 459 U.S. 460 (1983); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

The legislature, through statute, has authorized the Corrections Department to promulgate rules and regulations for the implementation and administration of meritorious good-time credit awards. NMSA 1978 § 33-2-34D. The New Mexico Corrections Department has construed the DWI offender statute to mean that no good-time credits may be earned for the first six months. *See* Def. Mot. Sum. J. Ex. 2.

## **Recommended Disposition**

That Respondent's Motion to Dismiss filed June 23, 1998 be granted and that the petition be dismissed with prejudice.

                                                _____
                                                Lorenzo F. Garcia
                                                United States Magistrate Judge

PLAINTIFF:
Commie R. Britton, pro se

FOR DEFENDANT:
Patricia A. Gandert, Esq.